**Angel Daniel Paz MORALES, Appellant,**

v.

**Fred T. WILKINSON, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 18292.**

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1960.

Angel Daniel Paz Morales, in pro. per.

Charles D. Read, Jr., U. S. Atty., E. Ralph Ivey, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JONES, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

The only ground specified by the appellant in seeking relief by a petition for habeas corpus is that the indictment is insufficient. In the body of the indictment it was charged:

"On or about January 15, 1955, in Santurce, Puerto Rico, in the District of Puerto Rico, Angel Daniel Paz Morales transferred approximately two marihuana cigarettes not in pursuance of a written order on a form issued for that purpose as provided by law." Title 26 U.S.C. §§ 2591(a), 2596.

The sections of the Internal Revenue Code of 1939, 26 U.S.C.A. § 2591(a), 2596, were repealed by the Internal Revenue Code of 1954, and replaced, so far as here material, by 26 U.S.C.A. (I.R.C. 1954) §§ 4742(a), 7237(a).

■■ If there was a formal defect in the indictment, the question was not raised before or during the trial. If constitutional requirements are not met then a verdict of guilty does not cure the defect. Sutton v. United States, 5 Cir., 1946, 157 F.2d 661. Nor will a verdict cure a defective indictment which fails, by any construction, to state an offense.

Musey v. United States, 5 Cir., 1930, 37 F.2d 673. But an erroneous parenthetical reference to the sections of the law under which the indictment was found is a defect which is cured by verdict if the language of the indictment charges an offense. Wessels v. United States, 5 Cir., 1920, 262 F. 389, certiorari denied 253 U.S. 485, 40 S.Ct. 481, 64 L.Ed. 1025. Although any defects in the indictment here were cured by the verdict, the appellant is also precluded from relief because habeas corpus can not be invoked for relief against defective indictments unless it clearly appears that, under no circumstances, could a valid conviction result from facts provable under the indictment. 25 Am.Jur. 172, Habeas Corpus § 40.

The district court denied the petition. Its judgment is

Affirmed.