Jimmy C. **JOHNSON**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 23532.

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1967.

Rehearing Denied Jan. 8, 1968.

Jimmy C. Johnson pro se.

Crawford Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Lonny F. Zwiener, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an appeal, in forma pauperis, from the denial by the District Court for the Southern District of Texas without an evidentiary hearing of appellant's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Appellant is attacking his separate convictions on two charges of robbery with firearms. In both cases he was found guilty after trials before a jury on pleas of not guilty. He was represented by counsel at the trials. Both convictions were affirmed on appeal to the Texas Court of Criminal Appeals. See Johnson v. State, 170 Tex.Cr.R. 173, 339 S.W.2d 214 (1960); Johnson v. State, 170 Tex.Cr.R. 349, 341 S.W.2d 170 (1960).

Appellant's petition for a writ of habeas corpus in the state court was denied without written order. The sentences in the two cases were set at forty and fifty years respectively, the second sentence to run consecutively to the first. In exchange for a motion to dismiss this appeal, filed by appellant's appointed counsel but opposed by appellant himself, the trial court resentenced appellant to make the two sentences run concurrently. This court, however, denied the motion to dismiss this appeal.

■ Since the writ of habeas corpus is only available in situations where discharge from custody will result from the granting of relief, if the second conviction of appellant resulting in the longer sentence is not subject to attack, it would be premature to inquire into the first conviction McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Brown v. Beto, 377 F.2d 950 (5 Cir. 1967); Wilson v. Gray, 345 F.2d 282 (9 Cir. 1965); Wood v. Crouse, 327 F.2d 81 (10 Cir. 1964). Limiting our inquiry to the second conviction, appellant urges (1) that a pistol obtained as a result of an illegal search and seizure was admitted into evidence; (2) that the sentence was improperly cumulated with his prior sentence; (3) that he was illegally detained and interrogated by the police; (4) that the trial court was prejudiced; (5) that certain police officers' testimony should not have been admitted; and (6) that the indictment was void.

■■ No substantial question is presented by appellant's first allegation. This conviction became final on March 14, 1961. The Supreme Court's decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) is not applicable to cases decided prior to June 19, 1961. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Appellant's allegation that he was illegally detained and interrogated is similarly without foundation as Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) is not to be given retroactive effect. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). In any event, appellant has not alleged that a confession or damaging admission was obtained from him during such detention.

■■ Appellant's allegation regarding improper cumulation of sentences is without merit. The sentences are now to run concurrently. Additionally, this is a matter of state criminal procedure, and does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus. Wooten v. Bomar, 267 F.2d 900 (6 Cir. 1959). Appellant's allegation of trial court prejudice is patently frivolous, and no facts were presented which could lend constitutional stature to petitioner's complaint that "police officers' testimony should not have been permitted." Finally, habeas corpus can only be invoked with respect to indictments which are so fatally defective that under no circumstances could a valid conviction result from facts provable under the indictment. Morales v. Wilkenson, 283 F.2d 252 (5 Cir. 1960). Appellant's allegation that the indictment is void totally fails to establish any ground for relief.

Finding appellant's contentions to be utterly without merit, the judgment is affirmed.