Frank James **PRESSLEY**, Petitioner-Appellant,

v.

S. Lamont **SMITH**, Warden, Georgia State Prison, Respondent-Appellee.

No. 30337.

United States Court of Appeals, Fifth Circuit.

April 2, 1971.

Frank J. Pressley, pro. se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Atlanta, Ga.,

Charles B. Merrill, Jr., Assistant Attys. Gen., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Georgia state prisoner for the writ of habeas corpus. We affirm.[1]

Appellant was convicted on his pleas of guilty to two charges of larceny of an automobile and 19 charges of burglary. He was assessed consecutive terms of 20 years on two of the burglary convictions, with concurrent terms of two years in each of the remaining 19 cases to run concurrently with the burglary sentences.

Appellant sought collateral relief by filing a petition for a writ of habeas corpus in the state court. Relief was denied after an evidentiary hearing, the court setting forth its findings of fact and conclusions of law. The Supreme Court of Georgia dismissed the appeal for failure to comply with its rules as to enumeration of errors. Pressley v. Smith, 1969, 226 Ga. 164, 173 S.E.2d 223.

■ Appellant then filed his habeas petition in federal court alleging as he did in his state petition that the two 20 year sentences were assessed on two accusations which charged the same offense, that he was given 21 sentences for only 20 offenses, and that he was denied effective assistance of court-appointed counsel.

The court below found that the accusations behind the 20 year sentences alleged two separate burglaries of the same location, therefore charging two separate offenses. The record bears this out. Such defects as exist in the accusations fall well within the rule stated in

Johnson v. Beto, 5 Cir., 1967, 383 F.2d 197:

> * * * habeas corpus can only be invoked with respect to indictments which are so fatally defective that under no circumstances could a valid conviction result from facts provable under the indictment. Morales v. Wilkenson, 283 F.2d 252 (5 Cir. 1960).

■ The court below further found that appellant had 21 accusations filed against him, that he pleaded guilty to all of them and received 21 sentences. A review of the record, which includes copies of all of appellant's accusations and sentences as well as a transcript of the state habeas hearing, reveals no error in these findings. Appellant's conviction was based on validly entered pleas of guilty. It is well settled that in such a situation, a valid plea constitutes a waiver of all non-jurisdictional deficiencies. Smith v. Smith, 5 Cir., 1970, 433 F.2d 582; Busby v. Holman, 5 Cir., 1966, 356 F.2d 75.

■ Finally, there is no error in the district court's finding that appellant had effective counsel who was not appointed by the court, but was privately retained. Counsel testified that he was retained by appellant's mother, that he met with appellant, and that he counseled him regarding the charges against him and the facts and circumstances of the charges. He stated that he did not advise appellant to plead guilty, but that appellant made that decision independently. The charge of ineffective counsel is not sustained by the record. Foster v. Beto, 5 Cir., 1969, 412 F.2d 892; Williams v. Beto, 5 Cir., 1965, 354 F.2d 698.

The judgment of the district court is Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir., 1969, 412 F.2d 981.