**Melvin MARTIN, Appellant,**

**v.**

**Robert PARRATT, Warden, Nebraska Penal Complex, Appellee.**

**No. 76–1490.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Jan. 26, 1977.

Fredric H. Kauffman, Lincoln, Neb., for appellant.

Bernard L. Packett, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

STEPHENSON, Circuit Judge.

Melvin Martin, an inmate of the Nebraska Penal Complex, appeals from the district court's[1] denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

In 1972 Martin was convicted by a jury in the District Court of Adams County, Nebraska, of the offense of receiving stolen copper of a value in excess of $100 and of being an habitual criminal. He was sentenced to 17 years imprisonment as an habitual criminal. On direct appeal to the Supreme Court of Nebraska, Martin's conviction was affirmed. *State v. Martin*, 190 Neb. 212, 206 N.W.2d 856 (1973).

Thereafter, petitioner sought relief in the district court. He alleged that Nebraska's habitual criminal statute[2] under which he was sentenced was unconstitutional and that he was denied his constitutional right to a fair trial.[3] The district court, subsequent to an evidentiary hearing and the submission of the state court record, rejected all of Martin's contentions. Petitioner contends that the district court erred in so doing. We affirm.

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

1. The Honorable Robert V. Denney, United States District Judge for the District of Nebraska.

2. Neb.Rev.Stat. § 29–2221.

3. Although Martin alleged in his petition that he was deprived of his sixth amendment right to counsel for the reason that the records of prior convictions used in sustaining the count of habitual criminality did not show on their face that counsel was present or waived, this point was neither argued nor briefed before the district court or the state courts. *Martin v. Parratt,* 412 F.Supp. 544, 545 (1976). The issue was not pressed in the district court nor was it passed upon. Accordingly, we refuse to consider for the first time on appeal an issue not thoroughly raised, presented to and decided in the district court. *See Ford v. Boeger,* 362 F.2d 999 (8th Cir. 1966). Additionally, appellant must first exhaust his state remedies on this issue. 28 U.S.C. § 2254; *Young v. State of Arkansas,* 533 F.2d 1079 (8th Cir. 1976).

■ The first issue raised by Martin concerns the Nebraska habitual criminal statute under which he was sentenced. It is Martin's contention that this statute gave the prosecutor unreviewable discretion to control petitioner's sentencing, thereby denying him due process and equal protection of the laws in violation of the fourteenth amendment. We are not persuaded by petitioner's argument.

At the outset, we note that the prosecutor's discretion in Nebraska is not unreviewable, despite petitioner's assertions to the contrary. *See* Neb.Rev.Stat. § 29–1606. Furthermore, we reject the argument that the prosecutor has been given the power to sentence, for the statute clearly states "the court shall sentence such person so convicted as an habitual criminal." Neb.Rev.Stat. § 29–2221. In essence, petitioner's argument concerns the selectivity of enforcement of the statute. It is important in this regard that Martin does not contend that the selectivity of enforcement was deliberately based upon an unjustifiable standard. As was stated by the Supreme Court:

> [T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation.

*Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). Therefore, we conclude that the selective enforcement of Nebraska's habitual criminal statute did not deny Martin either due process or equal protection of the laws in violation of the fourteenth amendment.

■ Martin also contends that the application of the habitual criminal statute constituted cruel and unusual punishment in violation of the eighth amendment. The argument is made that, because the prosecutor has unreviewable discretion to prosecute under the habitual criminal statute, the resulting sentence is cruel and unusual punishment. A similar argument was made in *Gregg v. Georgia,* 428 U.S. at 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), where the appellant argued that the state prosecutor had unfettered authority to select those persons whom he wished to prosecute for a capital offense and to plea bargain with them. This, according to the appellant, constituted the arbitrariness and capriciousness condemned by *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The Supreme Court rejected this argument. *Gregg v. Georgia, supra,* 96 S.Ct. at 2937. Similarly, we reject Martin's argument here.

■ Martin's second contention concerns the alleged nondisclosure of evidence by the county attorney which Martin claims would have affected the credibility of the government's main witness and which denied him his constitutional right to a fair trial. The prosecution's main witness was Ned Nelson, Martin's alleged accomplice. Nelson was never prosecuted for his participation in the theft of the copper. Martin contends that the circumstances surrounding the nonprosecution of Nelson suggest that Nelson had been promised immunity. No such arrangement with Nelson was revealed by the prosecutor. Nelson testified before the district court, however, that no deal was ever made with the prosecution. Furthermore, the county attorney who prosecuted Martin testified before the district court and corroborated Nelson's denial of immunity.[4] The district court found that Nelson had not received any promise of immunity. We are not convinced that this finding is clearly erroneous. *See Weiland v. Parratt,* 530 F.2d 1284, 1289 (8th Cir. 1976).

■ Martin further asserts that the prosecution intentionally elicited perjured testimony from Nelson. On direct testimony, Nelson stated twice he had been charged with a crime resulting from the theft of the copper and had pleaded guilty. Testimony elicited at the evidentiary hearing before the district court proved that Nelson had not in fact pleaded guilty to the pending charges. However, Nelson stated in response to questioning by the district court that at the time of the original trial he thought he had pleaded guilty. Further-

---

4. The county attorney testified that the primary reason Nelson was not prosecuted was Nelson's lack of intelligence and the resulting lack of criminal intent.

more, the petitioner did not offer any proof that the prosecution knew the testimony was false, as required by *Holt v. United States,* 303 F.2d 791, 794 (8th Cir. 1962), *cert. denied,* 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963). Finally, even if the prosecuting officials must be charged with accurate knowledge of the status of the Nelson complaint, as appellant asserts, any prejudice which Martin may have suffered was cured by Nelson's testimony on cross-examination when he admitted he had not pleaded guilty. We note also that the jury was properly instructed concerning the close scrutiny to be given witnesses for any possible motives for falsification. Accordingly, we find that Martin was not denied his constitutional right to a fair trial.

Affirmed.