**John Hilary DURHAM, Appellant,**

v.

**Donald WYRICK, Warden, Appellee.**

**No. 80–1465.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1981.

Decided May 20, 1981.

---

Alan S. Mandel, Atty. at Law, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

John Hilary Durham, pro se.

Before BRIGHT and ROSS, Circuit Judges, and HARRIS,* Senior District Judge.

---

* The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

**PER CURIAM.**

John Hilary Durham appeals from the denial of his second petition for federal habeas corpus relief. We affirm the denial on those grounds which were addressed by the United States Magistrate and adopted by the district court on April 3, 1980. We reverse and remand, however, for a consideration of one ground asserted in Durham's petition which was not addressed in the magistrate's review and recommendation.

The procedural history of this case was summarized by the magistrate as follows:

In December of 1963, petitioner was arrested and charged with statutory rape. The indictment recited seven prior felony convictions. Petitioner had, however, been pardoned of these convictions in October of 1963, by the Governor of Missouri. For various reasons, petitioner received four trials before he was ultimately convicted by a jury and sentenced by the trial judge to thirty-five years imprisonment under the Missouri Habitual Criminal Act (hereafter, the Act). Section 556.280, R.S.Mo., 1959. This conviction was affirmed on appeal. *State v. Durham*, 418 S.W.2d 23 (Mo.1967).

Petitioner filed his first motion for post-conviction relief pursuant to Missouri Rule 27.26. The trial court denied relief. On appeal, the Missouri Supreme Court remanded for findings of fact and conclusions of law on an issue not addressed by the trial court. *Durham v. State*, 473 S.W.2d 397 (Mo.1971). On remand, after an evidentiary hearing, petitioner's motion was denied. This denial was affirmed on appeal. *Durham v. State*, 538 S.W.2d 881 (Mo.App.1975). Petitioner thereafter filed a petition for a writ of federal habeas corpus. This writ was denied without an evidentiary hearing, upon this Court's recommendation. On appeal, the Court of Appeals affirmed the District Court's opinion. *Durham v. Wyrick*, 545 F.2d 41 (8th Cir. 1976).

In the proceedings which led to *Durham v. Wyrick, supra,* the petitioner ar-

gued that the use of his pardoned convictions to invoke the Act was unconstitutional. The Eighth Circuit stated that they had some doubts as to whether this issue would be cognizable in § 2254. However, due to a recent change in Missouri law as a result of *Guastello v. Dept. of Liquor Control*, 536 S.W.2d 21 (Mo. banc 1976), a reconsideration of petitioner's allegation by the Missouri Courts, was recommended. Subsequently, a Missouri court determined that *Guastello* was not to be applied retroactively and found petitioner stated no cause for relief. On appeal, this decision was affirmed. *Durham v. State*, 571 S.W.2d 673 (Mo.App. 1978). In 1974, petitioner was paroled, but said parole was revoked in January of 1976.

 Durham's current petition for habeas corpus relief primarily challenges the use of his pardoned convictions under the Missouri Habitual Criminal Act, and there is an additional claim that his indictment was unconstitutional because the list of pardoned convictions was presented to the grand jury. We are satisfied that the rationale set forth in the magistrate's review and recommendation properly resolved these two issues. Sentencing "is a matter of state criminal procedure, and does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus." *Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir. 1967), *cert. denied*, 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968). And a state's enforcement of its habitual criminal statute is generally considered a matter purely of local concern, which is not reviewable by a federal court under the due process clause. *Cf. Cox v. Hutto*, 589 F.2d 394, 395 (8th Cir. 1979). In addition, alleged errors in the grand jury proceedings and in the form of the indictment normally cannot be raised in a habeas corpus petition, and such relief should be granted only in exceptional circumstances. *Little v. United States*, 524 F.2d 335, 336 (8th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1125, 47

L.Ed.2d 326 (1976). Accordingly, we hold that the denial of the writ on these grounds was appropriate.[1]

A third ground for relief is asserted in Durham's second petition, however, which was not discussed in the magistrate's review and recommendation. Although the government claims that Durham did not raise the argument that six of the prior convictions were uncounseled, the petition indicates that the argument was presented to the district court: "[I]t is finally submitted that six (6) of the prior felonies submitted against petitioner at said grand jury and at trial were obtained by state's attorneys when petitioner was without representation by counsel."

In our view, the petitioner is entitled to a ruling on the claim that his sentence was unconstitutionally enhanced due to the sentencing court's consideration of convictions which had been obtained without benefit of counsel. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Irby v. State of Missouri*, 502 F.2d 1096, 1099 (8th Cir.1974), *cert.denied*, 425 U.S. 997, 96 S.Ct. 2213, 48 L.Ed.2d 822 (1976). On the basis of the record before us, however, we cannot determine whether the district court considered this issue or whether, as the government contends, Durham failed to exhaust his remedies in the state courts. Therefore, on remand, the district court shall consider whether the merits of this claim have been exhausted and should therefore be reached, in the first instance, and then, if appropriate, shall proceed from that determination to a decision on the uncounseled convictions issue.

The order of the district court is affirmed in part and reversed and remanded in part for further proceedings consistent with the views expressed in this opinion.

---

1. The magistrate also addressed the claim that the pardoned convictions were improperly used for impeachment at trial, and the issue was resolved against Durham. This argument was raised in the state court proceedings, *Durham v. State*, 571 S.W.2d 673, 677 (Mo.App.1978), but was not specifically raised in his second petition for habeas corpus.