Timothy Layne PIERCE, Appellant,

v.

Robert F. PARRATT, Appellee.

No. 81–1565.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1981.

Decided Dec. 16, 1981.

Rehearing and Rehearing En Banc
Denied Jan. 19, 1981.

Paul L. Douglas, Atty. Gen., Mel Kammerlohr, Asst. Atty. Gen., argued, Lincoln, Neb., for appellee.

Vincent M. Powers, Lincoln, Neb., for appellant.

Before HEANEY and STEPHENSON, Circuit Judges, and OLIVER,[*] Senior District Judge.

STEPHENSON, Circuit Judge.

Timothy Pierce, an inmate at the Nebraska State Penitentiary, appeals the district court's [1] denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Pierce claims that the Nebraska habitual criminal statute [2] is unconstitutional because it violates the separation of powers doctrine. Pierce also claims the statute, as applied to him, violates the due process and equal protection clauses and the Eighth Amendment. We affirm the district court.

On October 20, 1978, a jury convicted Pierce of the crime of delivery of a controlled substance. In November of 1978, a hearing was held on the charge of Pierce being an habitual criminal. The evidence revealed that on June 12, 1976, Pierce had committed two crimes: a burglary at Kaufman's Tavern in Scottsbluff and grand larceny at the Scottsbluff Inn. Pierce was found guilty of both of these crimes, which were charged in a two-count information. On July 14, 1976, Pierce was given concurrent sentences of eighteen months for the burglary and one year for the grand larce-

---

[*] The Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Neb.Rev.Stat. § 29–2221 (Reissue 1979).

ny. Based on the above evidence, the trial court concluded that Pierce was an habitual criminal.

Pierce appealed his conviction of delivery of a controlled substance and the determination that he was an habitual criminal to the Nebraska Supreme Court. The Nebraska court affirmed the conviction and rejected Pierce's argument that he was not an habitual criminal because his two prior offenses were committed on the same day, prosecuted in the same information and resulted in concurrent sentences. *State v. Pierce*, 204 Neb. 433, 283 N.W.2d 6 (1979).

Pierce then filed a habeas corpus petition in the United States District Court for the District of Nebraska. The court denied habeas relief and rejected Pierce's allegations that the Nebraska habitual criminal statute violates the separation of powers doctrine and also violates the due process clause, equal protection clause and Eighth Amendment when applied to him. *Pierce v. Parratt*, No. CV 79–L–304 (D.Neb. May 5, 1981).

In this appeal Pierce argues that the Nebraska statute[3] provides no standards to guide the prosecutor in deciding whether to charge a particular defendant as an habitual criminal. Because of this, the statute violates the separation of powers doctrine by giving an unconstitutional delegation of the legislature's power of defining criminal conduct to the prosecutor. Alternatively, Pierce claims that the statute violates the separation of powers doctrine by delegating to the prosecutor the judicial responsibility of sentencing.

▆ The Supreme Court has stated that the constitutionality of increasing penalties for habitual offenders "is no longer open to serious challenge." *Oyler v. Boles*, 368 U.S. 448, 451, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962). For the following reasons, we hold that the Nebraska statute is not an unconstitutional violation of the separation of powers doctrine.

In *Martin v. Parratt*, 549 F.2d 50–52 (8th Cir. 1977), we held that the Nebraska habitual criminal statute does not give the prosecutor the power to sentence. Therefore, Pierce's argument that the statute delegates sentencing responsibilities to prosecutors is without merit.

Also lacking in merit is Pierce's claim that the discretion granted the prosecutor constitutes an unconstitutional delegation of the legislative power of defining criminal conduct. First, an habitual criminal charge does not constitute a separate offense. *Oyler v. Boles, supra*, 368 U.S. at 452, 82 S.Ct. at 503, 504. Second, "[a] certain measure of discretion is inevitable in the performance of the prosecutorial function." *Martinez v. Romero*, 626 F.2d 807, 810 (10th Cir.), *cert. denied*, 449 U.S. 1019, 101 S.Ct. 585, 66 L.Ed.2d 481 (1980). In *Brown v. Parratt*, 560 F.2d 303, 304 (8th Cir. 1977), we rejected the argument that a prosecutor has unlimited discretion to prosecute under Nebraska's habitual criminal statute. "Opportunities for discretionary action are inherent in the prosecution of criminal cases. The district court noted that 'Other recidivist offenders may have legitimately avoided enhanced penalties by the decision of state authorities to afford mercy or by plea bargaining, both of which are unquestionably constitutional forms of prosecutorial discretion.' " *Id.* (quoting *Brown v. Parratt*, 419 F.Supp. 44, 48 (D.Neb.1976)). As the Supreme Court has concluded, "the conscious exercise of some selectivity in enforcement [of habitual criminal statutes] is not in itself a federal constitutional violation." *Oyler v. Boles, supra*, 368 U.S. at 456, 82 S.Ct. at 505, 506. Nebraska's habitual offender statute does not delegate to the prosecutor the legislative responsibility of defining criminal conduct. *See Martinez v. Romero, supra*, 626 F.2d at 810. *Cf. United States v. Batchelder*, 442 U.S. 114, 125–26, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755 (1979) (two federal statutes that prohib-

---

3. The statute, in pertinent part, provides: "Whoever has been twice convicted of crime, sentenced and committed to prison * * * for terms of not less than one year each, shall, upon conviction of a felony committed in this state, be deemed to be an habitual criminal * * *." Neb.Rev.Stat. § 29–2221 (Reissue 1979).

it felons from receiving firearms and that authorize different maximum penalties are not unconstitutional as an impermissible delegation of the legislature's responsibility to fix criminal penalties).

■ Pierce's second argument is that applying the Nebraska statute to his unique situation (two prior offenses committed on the same day, prosecuted in the same information and resulting in concurrent sentences) violates due process, equal protection and the Eighth Amendment.

The Nebraska Supreme Court specifically ruled that the habitual offender statute was applicable to Pierce in *State v. Pierce, supra,* 283 N.W.2d 6.

> Defendant contends that * * * the statute should be interpreted to require that a second offense, in order to support a finding of habitual criminality, must have been committed after the commission and conviction of the first offense. We would agree that such reasoning would be applicable to the principal offense, i.e., the offense for which enhancement is sought must have been committed after conviction and sentencing for the two prior offenses. However, we do not believe that a reading of our statute on its face requires or supports such a holding with regard to the prior offenses themselves.

*Id.,* 283 N.W.2d at 11. Pierce committed two crimes at two different locations and the Nebraska court rejected the idea that contemporaneous offenses equalled only one offense. " 'This argument might be effective if addressed to the lawmakers. But with respect to a judicial interpretation of the particular statute under consideration it has no merit.' " *Id.* (quoting *Louisiana v. Williams,* 226 La. 862, 77 So.2d 515, 516 (1955)). Pierce was an habitual criminal because "[i]t makes no difference whether the two prior convictions provided for consecutive sentences, or whether, as here, the defendant was permitted to serve his two terms concurrently, nor that there was no time interval between conviction and commitment for the first offense and commission of the second." *State v. Pierce, supra,* 283 N.W.2d at 11-12.

■ The Nebraska court's interpretation of its statute as being applicable to Pierce is a matter of state law. "[A] state's enforcement of its habitual criminal statute is generally considered a matter purely of local concern, * * *." *Durham v. Wyrick,* 649 F.2d 587, 588 (8th Cir. 1981). In *Durham,* we rejected a habeas petitioner's claim that the Missouri habitual criminal statute was unconstitutional as applied to him because it was predicated upon his seven pardoned felony convictions. *Id.* Applying an habitual criminal statute to a defendant enhances his sentence and "[s]entencing 'is a matter of state criminal procedure, and does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus.' " *Id.* (quoting *Johnson v. Beto,* 383 F.2d 197, 198 (5th Cir. 1967), *cert. denied,* 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968)). Although the Nebraska court's interpretation of its statute may conflict with the interpretation other states have given their habitual offender statutes, the Nebraska court's ruling does not violate any federal constitutional guarantees.

We have examined Pierce's other arguments regarding the sufficiency of the evidence, newly discovered evidence and the continuance of his habitual criminal hearing. These arguments have no merit. We affirm the district court.

Affirmed.

HEANEY, Circuit Judge, with whom JOHN W. OLIVER, Senior District Judge, joins, concurring.

In *Brown v. Parratt,* 560 F.2d 303, 305 (8th Cir.1977) (Heaney, J., dissenting), I stated in detail my reasons for disagreeing with the holding of this Court in *Martin v. Parratt,* 549 F.2d 50 (8th Cir. 1977). I reiterate that view here. Indeed, my conviction as to the statute's unconstitutionality is strengthened by its application to the factual situation underlying this appeal. *See State v. Pierce,* 283 N.W.2d 6, 12 (Neb.1979) (Hastings, J., dissenting, in which Krivosha, C. J., and McCown, J., join).

Since the original opinion and concurring opinion was filed, my attention has been called to *State v. Cory*, 204 Or. 235, 282 P.2d 1054 (1955), in which the Supreme Court of Oregon sustained a facial attack on Oregon's habitual criminal statute which is not unlike Nebraska's statute. The court there stated:

In the portion of the statute being considered there is no yardstick or semblance of classification which would enable the district attorney to determine under what circumstances an information should be filed. The exercise of an absolute discretion is vested in the district attorney in such a circumstance. In other words, the fate of persons, even to the extent of life imprisonment, who have committed the same acts under the same circumstances and in like situations is determined by the whim and caprice of the district attorney. We hold the portion of ORS 168.040 reading "and in other cases, may" unconstitutional.

*Id.* 282 P.2d at 1056.

I would add that in my view the Nebraska statute also unconstitutionally delegates legislative power to the prosecutor. *See* Note, *The Separation of Powers Doctrine: A Viable Challenge to the Nebraska Criminal Statute*, 11 Creighton L.Rev. 925, 941–945 (1978). The author states:

As long as the statute lacks sufficient limitation of the power it delegates, it will constitute an impermissible delegation of power and a violation of separation of powers regardless of the branch to which the power is delegated. * * * The Nebraska Habitual Criminal Statute does not contain such limitations on the power it delegates to the prosecutor. It therefore does not satisfy the requirements established as a condition of the constitutionality of a delegated legislative power.

*Id.* at 945.

I concur only because this panel must adhere to the Court's earlier decision in *Martin v. Parratt, supra*, 549 F.2d at 50. I renew with Judge Oliver's concurrence the suggestion that this Court should consider the issues raised in this appeal en banc.