STATE OF NEBRASKA, APPELLANT, v. TIMOTHY L. PIERCE, ALSO KNOWN AS TIM PIERCE, APPELLEE.

345 N.W.2d 835

Filed March 16, 1984. No. 83-627.

Douglas Warner, Deputy Scotts Bluff County Attorney, for appellant.

Timothy L. Pierce, pro se.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from an order of the district court granting the defendant's motion for post conviction relief. The district court also vacated the conviction and sentence of defendant as an habitual criminal and returned him to the district court for resentencing.

This is the second appearance of this case before this court. In *State v. Pierce*, 204 Neb. 433, 283 N.W.2d 6 (1979), this court affirmed the defendant's conviction for the unlawful delivery of amphetamines, and affirmed the finding that Timothy Pierce was an habitual criminal within the meaning of Neb. Rev. Stat. § 29-2221 (Reissue 1979) and his sentence of imprisonment for 12 years. In *Pierce* this court found the habitual criminal statute applied to the defendant even though the two previous convictions and sentences were imposed on the same day and arose from the filing of a single information.

On April 29, 1983, this court expressly overruled *State v. Pierce* in the decision in *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983), and reinterpreted the habitual criminal statute to warrant the enhancement of the penalty when we said "the prior convictions, except the first conviction, must be for offenses committed after each preceding conviction, and all such prior convictions must precede the commission of the principal offense." *Id.* at 176, 333 N.W.2d at 394.

On May 16, 1983, Pierce filed a motion for post conviction relief requesting the district court to set

aside his sentence as an habitual criminal. He alleged that the maximum penalty for the crime of which he was convicted, without enhancement, was 5 years. The district court granted the motion and the State appeals.

The State assigns as error the district court's determination that the prisoner had alleged and proved facts which constituted a violation of his rights under the Constitution of Nebraska or of the United States, so as to make his conviction void or voidable, and that the court erred in applying *State v. Ellis*, *supra*, retroactively for the benefit of a defendant whose conviction had become final.

The applicable rule of law is that relief under the Post Conviction Act is limited to cases in which there was a denial or infringement of the rights of the prisoner such as to render the judgment void or voidable under the Constitution of Nebraska or of the United States. *State v. Glasenapp*, 212 Neb. 99, 321 N.W.2d 450 (1982); *State v. Miles*, 194 Neb. 128, 230 N.W.2d 227 (1975).

Neb. Rev. Stat. § 29-3001 (Reissue 1979) reads in part as follows: "A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence."

The problem here is that the defendant in his motion for post conviction relief has not alleged nor proved that his conviction or sentence as an habitual criminal is affected by any state or federal constitutional error. It is clear the defendant simply requested that the decision in *State v. Ellis*, *supra*, be applied retroactively to his case.

In *Ellis* this court simply overruled the court's

earlier interpretation of § 29-2221, and no state or federal constitutional rights have been denied or infringed.

Although the defendant contends due process of law and fundamental fairness cannot allow his sentence to stand uncorrected, it has often been recognized that retroactive operation of an overruling decision is neither required nor prohibited by constitutional provisions. *Gt. Northern Ry. v. Sunburst Co.,* 287 U.S. 358, 53 S. Ct. 145, 77 L. Ed. 360 (1932); *Linkletter v. Walker,* 381 U.S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601 (1965); *Brown v. Louisiana,* 447 U.S. 323, 100 S. Ct. 2214, 65 L. Ed. 2d 159 (1980); *United States v. Johnson,* 457 U.S. 537, 102 S. Ct. 2579, 73 L. Ed. 2d 202 (1982).

In *Gt. Northern Ry., supra* at 364, referring to a state court's prospective overruling of a prior decision, the U.S. Supreme Court specifically said: "[T]he federal constitution has no voice upon the subject [of retroactivity]. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions." Thus it has been stated in federal law that there is no constitutional objection to overruling a case purely prospectively as we did in *Ellis.*

While many courts, including the U.S. Supreme Court, have struggled with the question of retroactivity, this court does not have to tackle such a matter of judicial policy and past precedents, because the statutory requirements for relief under the Post Conviction Act have not been met. Defendant's remedy might be found in executive clemency.

We reverse the action of the district court and remand the cause with directions to dismiss the motion for post conviction relief.

REVERSED AND REMANDED
WITH DIRECTIONS.