949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. HINES, Plaintiff-Appellant,
v.
Don ABNEY, et al., Defendant-Appellee.
 No. 89-16463.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Dec. 5, 1991.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Because Larry Hines failed to demonstrate an injury, the district court properly granted summary judgment as to the eighth amendment claims based on Don Abney's threats and the alleged duty to protect. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). As the court also recognized, Hines' inability to prove retaliation was fatal to his other eighth amendment claim. See Celotex, 477 U.S. at 322; McDonald v. Hall, 610 F.2d 16, 18 (1st Cir.1979).
 
 
 3
 With respect to his fourteenth amendment arguments, the district court accurately determined that Hines lacked a protected interest in his position, and thus could not state a due process claim. See Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Likewise, Hines' failure to show that a similarly situated inmate received different treatment was properly decisive of his equal protection claim. Finally, the district court correctly granted summary judgment against Hines on his fifth amendment claim, because the double jeopardy clause does not apply to prison disciplinary proceedings. See Kerns v. Parratt, 672 F.2d 690, 691-92 (8th Cir.1982).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3