9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry ODOMS, Plaintiff-Appellant,
v.
Robert BORG, Defendant-Appellee.
 No. 92-15795.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 24, 1993.*
Decided Nov. 1, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Larry Odoms appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Federal Rule Civil Procedure 12(b)(6). Odoms claims that the prison officials' suspension of his overnight family visitation privilege denied him due process of law, put him twice in jeopardy for the same offense and inflicted cruel and unusual punishment.
 
 
 3
 The Due Process Clause of the Fourteenth Amendment does not independently create a prisoner's right to visitation. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989). If state law places substantive limits on official discretion in denying visitation, however, it may create a liberty interest in visitation enforceable under the Fourteenth Amendment. See Mendoza v. Blodgett, 960 F.2d 1425, 1432-33 (9th Cir.1992), cert. denied, 113 S.Ct. 1005, and cert. denied, 113 S.Ct. 1027 (1993).
 
 
 4
 California regulations state that overnight family visitation is a privilege. Cal.Code Regs. tit. 15, § 3174(e). While the regulations direct prison officials to extend family visiting to "as many inmates as is possible commensurate with institution security," id. § 3174, the regulations do not specify the relevant criteria to use in deciding which prisoners should be granted family visitation privileges. The California regulations thus do not mandate particular outcomes based on substantive predicates as required to create a state liberty interest protected by the Fourteenth Amendment. See Thompson, 490 U.S. at 463.
 
 
 5
 Nor did the prison's alleged failure to follow procedures mandated by the California regulations violate due process. Because no mandatory substantive predicates governed the outcome of the disciplinary hearings, the requirement that certain procedures be followed did not create a liberty interest protected by the Fourteenth Amendment. See Dix v. County of Shasta, 963 F.2d 1296, 1300 (9th Cir.1992).
 
 
 6
 Prison disciplinary proceedings do not place an offender in jeopardy for purposes of the Fifth Amendment Double Jeopardy Clause. Kerns v. Parratt, 672 F.2d 690, 691 (8th Cir.1982) (per curiam); United States v. Apker, 419 F.2d 388, 388 (9th Cir.1969) (per curiam). Prison officials thus did not violate the Fifth Amendment by rehearing the disciplinary charges against Odoms.
 
 
 7
 Odoms argues that suspension of his overnight visitation privilege constitutes cruel and unusual punishment because the prison officials showed "deliberate indifference to [Odoms'] liberty interest." Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), cert. denied, 478 U.S. 1020 (1986). To be "cruel and unusual," however, punishment in the form of the loss of a liberty interest must be "incompatible with ... evolving standards of decency ... or must involve unnecessary or wanton pain disproportionate to the severity of the crime." Id. (internal quotations and citations omitted). The deprivation of overnight visiting privileges after a positive urine test for cocaine meets neither of these criteria. See Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3