# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2040

_____

Mark Immekus,                      *
                                 *

         Appellant,        *

                                 *   Appeal from the United States

    v.                      *   District Court for the

                                 *   Western District of Missouri.

Terry Page; D. Greene; Rhonda    *

Almanza; L. Carr; Jean Ann Johnson;   *       [UNPUBLISHED]

Glenn E. Helms; Michael Kemna;   *

Thomas Clements,              *

                                 *

         Appellees.        *

_____

Submitted: July 5, 2002
Filed: August 9, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Mark Immekus appeals the District Court's[1] adverse grant of summary judgment in his action brought under 42 U.S.C. § 1983 (Supp. V 1999) and 42 U.S.C. §§ 1985 and 1986 (1994). Having carefully reviewed the record, see

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (standard of review), we affirm.

Immekus, who cannot urinate on demand because of a condition that is most likely psychogenic, sued various prison employees and officials and a Correctional Medical Services administrator after he received a disciplinary for failing to give a urine sample within two hours. He alleged a conspiracy and violations of the Eighth Amendment, the Double Jeopardy Clause, and the Due Process Clause of the Fourteenth Amendment.

Because Immekus did not seek a continuance or file a Federal Rule of Civil Procedure 56(f) motion and affidavit informing the District Court what specific discovery was lacking that prevented him from adequately opposing summary judgment, the District Court properly granted summary judgment on the record before it. See id. at 1238-39. The Court also did not abuse its discretion in denying Immekus's discovery motion, see Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000), and the Court was not on notice of Immekus's wish to amend his complaint, see Fed. R. Civ. P. 15(a) (requiring a party to obtain leave of court to amend his pleading once a responsive pleading has been served).

We agree with the District Court that defendants did not violate the Eighth Amendment. Cf. Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (explaining that a prison official violates the Eighth Amendment when his actions "result[] in the denial of the minimal civilized measure of life's necessities" and "he knows of and disregards an excessive risk to inmate health and safety"). We also agree with the District Court that the sanctions at issue do not implicate a liberty interest triggering procedural due process. See Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 668-69 (8th Cir. 1996). Further, Immekus's double-jeopardy claim is meritless. See Kerns v. Parratt, 672 F.2d 690, 691 (8th Cir. 1982) (per curiam). And because there was no underlying constitutional violation, his conspiracy claim

necessarily fails as well.  See Marti v. City of Maplewood, Mo., 57 F.3d 680, 685 (8th Cir. 1995).

Accordingly, we affirm.  See 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.