UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30491
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNOLDO OZUNA GALAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

April 25, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judges:

Appellant Arnoldo Ozuna Galan challenges the 37-month sentence he has received after pleading guilty to conspiracy to escape from a federal prison.  He also disagrees with the district court's evaluation of additions to his base offense level.  We find no error and affirm.

Galan first argues that the prosecution for conspiracy to escape is barred by double jeopardy concerns because he was punished in prison for the same conduct by being held in segregation subsequent to the offenses, being transferred to a higher security level facility, and losing good-time credit.  Galan

argues that this court has not reexamined its decision, issued before <u>United States v. Halper</u>, 490 U.S. 435, 448 -50 (1989), which concluded that prison disciplinary proceedings do not bar future criminal prosecutions. <u>See</u>, <u>e.g.</u>, <u>United States v. Bryant</u>, 563 F.2d 1227, 1230 (5th Cir. 1977), <u>cert. denied</u>, 435 U.S. 972 (1978). While this court has not reviewed the issue in light of <u>Halper</u> and other Supreme Court punishment-related cases, however, four other federal circuit courts have rejected appellant's contention. <u>United States v. Brown</u>, 59 F.3d 102, 103-05 (9th Cir. 1995); <u>United States v. Hernandez-Fundora</u>, 58 F.3d 802, 806-07 (2nd Cir.), <u>cert. Denied</u>, 115 S.Ct. 2288 (1995); <u>Garrity v. Fielder</u>, 41 F.3d 1150, 1152-53 (7th Cir. 1994); <u>cert. denied</u>, 115 S. Ct. 1420 (1995); <u>United States v. Newby</u>, 11 F.3d 1143, 1144-46 (3rd Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 1841 (1994), <u>cert. denied</u>, 115 S.Ct. 111 (1994). We see no reason to disagree with their uniform conclusion.

Galan also argues that the district court erred in denying him a reduction for acceptance of responsibility and in increasing his offense level by finding him a leader in the escape attempt. We grant particular deference in reviewing these findings of fact. The district court refused to award Galan a reduction for acceptance of responsibility, in main part, because Galan contradicted the investigation of the probation office and attempted to minimize his involvement in the offense. The court, which had authority notwithstanding the plea agreement to make findings concerning Galan's leadership role, credited the PSR's

statements that Galan organized his relatives to assist in the escape attempt, to maintain a safe house and to furnish transportation to Mexico. The district court did not clearly err in awarding either of these enhancements.

AFFIRMED.