IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1997 SESSION

FILED

April 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9604-CC-00163 |
| Appellee, | ) | |
| | ) | CARTER COUNTY |
| VS. | ) | |
| | ) | HON. ARDEN L. HILL, |
| BILLY RAY MOORE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Certified question) |

FOR THE APPELLANT:                     FOR THE APPELLEE:


DAVID BAUTISTA
Public Defender

ROBERT Y. OAKS
Asst. Public Defender
Main Courthouse
Elizabethton, TN   37643

RANDALL E. REAGAN
Contract Appellate Defender
602 Gay. St., Ste. 905
Knoxville, TN   37902

CHARLES W. BURSON
Attorney General & Reporter

ELIZABETH T. RYAN
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN   37243-0493

DAVID CROCKETT
District Attorney General

KENNETH C. BALDWIN
Asst. District Attorney General
900 E. Elk Ave.
Elizabethton, TN   37643

OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

# O P I N I O N

The defendant pled guilty to felony escape and was sentenced to two years, consecutive to his current sentence. The parties stipulated that the defendant had been " 'punitively segregated' or placed in 'The Hole,' as part of the remedial action taken by the Tennessee Department of Corrections based on the Defendant's escape" and reserved the following certified question of law:

> Whether the Double Jeopardy provisions of the Tennessee and United States' Constitutions prohibit the State from prosecuting the Defendant in State Court after he has been 'punitively segregated' from other inmates as part of the remedial action taken by the Tennessee Department of Corrections for the act of escaping.

The short and dispositive answer to this question is no. Ray v. State, 577 S.W.2d 681, 682 (Tenn. Crim. App. 1978) ("administrative disciplinary action by prison authorities does not preclude prosecution for escape on principles of double jeopardy"). See also United States v. Galan, 82 F.3d 639, 640 (5th Cir. 1996) (federal double jeopardy principles did not protect defendant from prosecution for conspiracy to escape after he had been "punished" in prison by being held in segregation, transferred to a higher level security facility, and losing good-time credit).

Accordingly, the judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
CORNELIA A. CLARK, Judge