**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MICHAEL O. DEVAUGHN,
    *Defendant-Appellant.*

No. 01-4458

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Margaret B. Seymour, District Judge.
(CR-01-233)

Submitted: February 28, 2002

Decided: April 22, 2002

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

## COUNSEL

W. Douglas Richardson, Jr., HENDRICKS LAW FIRM, P.A., Easley, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael O. DeVaughn challenges the denial of several pretrial motions on interlocutory appeal from his indictment on two counts of being an inmate in possession of contraband (marijuana) in a federal prison, in violation of 18 U.S.C.A. § 1791(a)(2) (West 2000). DeVaughn's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but raises the issue of whether the district court erred in denying DeVaughn's motion to dismiss the indictment based on the Fifth Amendment's prohibition against double jeopardy. We affirm the district court's denial of DeVaughn's motion to dismiss the indictment on double jeopardy grounds and dismiss the appeal from the denial of his other pretrial motions as interlocutory.

Initially, we find that we may review the district court's denial of DeVaughn's motion to dismiss on double jeopardy grounds despite its interlocutory nature. *Abney v. United States*, 431 U.S. 651, 662 (1977). Whether the district court erred in failing to dismiss DeVaughn's indictment for violation of the Double Jeopardy Clause is a question of law to be reviewed de novo. *United States v. Brown*, 202 F.3d 691, 703 (4th Cir. 2000). On appeal, DeVaughn contends that jeopardy attached when the prison punished him for possession of marijuana through use of its administrative regulations, by effecting a disciplinary transfer, restricting his privileges, invoking disciplinary segregation, and imposing administrative detention. As acknowledged by counsel, this Court rejected this argument in *Patterson v. United States*, 183 F.3d 327 (4th Cir. 1950). Counsel argues, however, that *Patterson* may have been abrogated by the Supreme Court's decision in *United States v. Halper*, 490 U.S. 435 (1989). Numerous circuit courts considering the issue subsequent to *Halper*, however, have continued to hold that prison disciplinary sanctions do not preclude subsequent criminal prosecution for the same conduct

under the Double Jeopardy Clause of the Fifth Amendment because Congress intended disciplinary proceedings to be civil in nature. *See United States v. Mayes*, 158 F.3d 1215, 1222 (11th Cir. 1998); *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996); *United States v. Brown*, 59 F.3d 102, 103-05 (9th Cir. 1995); *United States v. Hernandez-Fundora*, 58 F.3d 802, 806-07 (2d. Cir. 1995); *Garrity v. Fiedler*, 41 F.3d 1150, 1152-53 (7th Cir. 1994); *United States v. Newby*, 11 F.3d 1143, 1144-46 (3rd Cir. 1993). We agree, and conclude that *Halper* does not require this Court to revisit the continuing vitality of *Patterson*.

As noted, DeVaughn also seeks review of several motions relating to his prior conviction. Regarding these challenges, we dismiss the appeal for lack of jurisdiction. 28 U.S.C.A. § 1292 (West Supp. 2001); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). We also deny DeVaughn's motions to correct the record on appeal and for judicial notice, and find it premature at this stage to consider whether he is receiving ineffective assistance of counsel.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's denial of DeVaughn's motion to dismiss the indictment on double jeopardy grounds. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*