United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40124
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID L. SHEPARD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-107-1
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

David L. Shepard ("Shepard"), federal prisoner #02124-593, appeals the district court's denial of his motion to dismiss the indictment charging him with assault with a dangerous weapon and possession of a weapon by an inmate. Shepard argues that the criminal prosecution against him is barred by double jeopardy because he was charged in a prison disciplinary proceeding for the same actions which are charged in the indictment. Shepard further contends that the Government is collaterally estopped

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from bringing the charges because he was not found guilty of serious assault or possession of a weapon in the prison disciplinary proceedings.

Shepard's double jeopardy claim is meritless because "prison disciplinary hearings do not bar future criminal prosecutions." United States v. Galan, 82 F.3d 639, 640 (5th Cir. 1996). Shepard's collateral estoppel argument is similarly frivolous. To the extent he raises the collateral estoppel claim under the Double Jeopardy Clause, it is unavailing. See id. To the extent that he raises it independently, it is not cognizable. See Stringer v. Williams, 161 F.3d 259, 263-64 (5th Cir. 1998).

As all of Shepard's claims are clearly precluded by established precedent, the appeal is frivolous and we dismiss it as such. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.