United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60179
Summary Calendar

LEROY WELCH,

Plaintiff-Appellant,

versus

CHRISTOPHER EPPS, Commissioner of Corrections;
MICHAEL WILSON, Superintendent, Mississippi State
Penitentiary; STANLEY FLAGG, Associate Warden,
Unit 24; LETITIA ROACH, Offender Services,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-12-P-A

Before HIGGINBOTHAM, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leroy Welch, a Mississippi prisoner (# 47598), challenges the district court's denial of his application to proceed in forma pauperis ("IFP") on appeal following the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. Welch is effectively challenging the district court's certification that he should not be granted IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

Welch has asserted that a new "points system" for determining custodial classification has resulted in a negative change in his own classification, in violation of his rights under the Due Process, Ex Post Facto, and Double Jeopardy Clauses.  The district court properly concluded that a due-process claim was barred by Sandin v. Conner, 515 U.S. 472, 484 (1995).  Although the court did not explicitly address Welch's allegations under an ex post facto or double-jeopardy framework, he has failed to state claims under those constitutional clauses as well.  Welch has cited no decisional authority, and we are aware of none, which holds that a mere change in custodial status either amounts to an "increase" in the "measure of punishment" for ex post facto purposes, see, e.g., Garner v. Jones, 529 U.S. 244, 249-50 (2000), or qualifies as a second "punishment" for double-jeopardy purposes.  See Hudson v. United States, 522 U.S. 93, 98-99 (1997); United States v. Galan, 82 F.3d 639, 640 (5th Cir. 1996).

Welch has failed to show that his complaint presented non-frivolous issues for appeal.  Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith.  Welch's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous

2

counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint for failure to state a claim. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). Welch is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

**IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES WARNING ISSUED.**