**WILFREDO DIAZ, Appellant**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**
**DIAZ v. GOVERNMENT OF THE VIRGIN ISLANDS**

D.C. Crim. App. No. 2003/007

District Court of the Virgin Islands

Division of St. Croix

December 7, 2004

*For Appellant*: JEFFREY B.C. MOORHEAD, ESQ.

*For Appellee*: MAUREEN PHELAN, AAG.

FINCH, *Chief Judge, District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and SWAN, *Judge of the Territorial Court, Sitting by Designation*

## MEMORANDUM OPINION

(December 7, 2004)

After having been disciplined administratively for stabbing a fellow inmate at the Golden Grove Adult Correctional Facility (GGACF), the appellant was charged and found guilty of criminal assault. The appellant now asks this Court to decide whether his criminal conviction for the stabbing incident, following administrative penalties, violated constitutional prohibitions against double jeopardy. This Court holds that it does not.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts of this case are not in dispute. While serving a five-year sentence at the GGACF, Wilfredo Diaz ["Diaz"] stabbed another inmate at the facility. Pursuant to the institution's rules and regulations,

disciplinary charges were imposed by the Disciplinary Committee, and Diaz was placed in segregation for a total of 55 days. Subsequently, a criminal information was filed charging Diaz with third degree assault and possession of a dangerous weapon, pursuant to title 14, sections 297 and 2251(a) of the Virgin Islands Code. Diaz filed a pretrial motion to dismiss the criminal charges on double jeopardy grounds. That motion was denied, and Diaz was tried and convicted by a jury. He was sentenced as a habitual offender to a total of 20 years imprisonment. This appeal followed.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has appellate jurisdiction to review the judgments and orders of the Territorial Court in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. *See* V.I. CODE ANN. tit. 4, § 33.[1] The trial court's determination of a double jeopardy claim presents a legal question subject to plenary review. *See United States v. Rice*, 109 F.3d 151, 36 V.I. 343 (3d Cir. 1997).

### B. Double Jeopardy

■ The Fifth Amendment to the U.S. Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMDT. V.[2] This prohibition extends to multiple prosecutions or multiple punishments for the same offense. *See Rice*, 109 F.3d at 153 (citing *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996); *Witte v. United States*, 515 U.S. 389, 132 L. Ed. 2d 351, 115 S. Ct. 2199 (1995)). The double jeopardy determination begins with whether the defendant has previously been placed in jeopardy of guilt in a criminal context. *See id.; see e.g., Serfass v. United States*, 420 U.S. 377, 387-88, 43 L. Ed. 2d 265, 95 S. Ct. 1055 (1975). Thus, double jeopardy concerns are generally not implicated where the first proceeding threatens a civil sanction, rather than loss of liberty. *See Rice*, 109 F.3d at 153; *see also, Hudson v. United States*, 522

---

[1]   *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1614, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

[2]   The Fifth Amendment of the U.S. Constitution is applicable in the Virgin Islands pursuant to § 3 of the 1954 Revised Organic Act.

U.S. 93, 99, 139 L. Ed. 2d 450, 118 S. Ct. 488 (1997) (protections aimed at guarding against multiple *criminal* punishment). This is not to say, however, that civil penalties may never reach the level necessary for a finding that a party has been held in jeopardy. Rather, where the prior penalty occurs in a civil context, the reviewing court must look to the purpose and extent of that penalty and may find jeopardy attached to bar a subsequent criminal prosecution only where the civil statute is determined to have such a punitive purpose and effect that it is transformed into a criminal penalty, implicating the double jeopardy clause. *See Hudson,* 522 U.S. at 99; *see also, Department of Revenue of. Montana v. Kurth Ranch,* 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994) (holding state tax of $181,000 imposed on persons arrested for drug possession and distribution had an "unmistakable punitive character" and "was fairly characterized as punishment"); *Ursery,* 518 U.S. at 288 (discussing factors to determine whether civil penalty is effectively criminal). In determining whether a civil penalty constitutes former jeopardy for purposes of the Fifth Amendment, this Circuit applies the following two-prong test, as enunciated by the U.S. Supreme Court: (1) whether the sanction was intended to be civil and remedial or criminal and punitive, and (2) whether the *statutory scheme was so* punitive in purpose, effect, or fact as to negate the legislature's intention to establish a civil remedy. *See Rice,* 109 F.3d 155-56 (quoting *Ursery,* 518 U.S. at 288). The following factors may guide that determination:

> 1) [w]hether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of *scienter;* (4) whether its operation will promote the traditional aims of punishment-retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

*Hudson,* 522 U.S. at 99-100 (noting that factors are guideposts, and no one factor is dispositive; rather, focus is on the determination that penalty is effectively criminal) (citations and internal quotation marks omitted). A defendant claiming double jeopardy must establish by the "clearest proof" that the government has provided a sanction so punitive as to

transform a civil remedy into a criminal penalty, notwithstanding the legislature's intended civil remedy. *Ursery*, 518 U.S. at 278; *see also*, *Hudson*, 522 U.S. at 100-01.

■Under this lens, courts have routinely declined to find that discipline imposed pursuant to prison rules and regulations present a bar to subsequent criminal prosecution stemming from the same conduct. *See e.g.*, *United States v. Newby*, 11 F.3d 1143, 1145 (3d Cir. 1993) (holding that a prison disciplinary hearing is not a prosecution for purposes of the double jeopardy clause, and sanctions pursuant to prison regulations did not constitute "punishment" which barred later criminal prosecution) (citing *United States v. Stuckey*, 441 F.2d 1104 (3d Cir.), *cert. denied*, 404 U.S. 841 (1971) (holding criminal prosecution not barred, where defendant placed in segregation for 15 days as part of prison discipline for stabbing fellow inmate); *United States v. Rising*, 867 F.2d 1255, 1259 (10th Cir. 1989) ("administrative punishment imposed by prison officials does not render a subsequent judicial proceeding, criminal in nature, violative of the double jeopardy clause"); *Kerns v. Parratt*, 672 F.2d 690 (8th Cir. 1982) (holding that administrative sanction through loss of good time was no bar to subsequent criminal prosecution)); *see also*, *United States v. Galan*, 82 F.3d 639 (5th Cir. 1996) (rejecting double jeopardy claim based on prison disciplinary proceedings resulting in appellant's segregation, transfer to higher security level, and loss of good-time credits for violation of prison regulation) (citing cases from other circuits); *United States v. Brown*, 59 F.3d 102 (9th Cir. 1995) (same). The courts' rationale for rejecting double jeopardy claims in this context turns on the purely civil nature of internal disciplinary proceedings, which are intended "to determine whether prison rules are broken and to maintain institutional order, rather than a prosecution for criminal conduct," and the important remedial goal of maintaining order and good conduct for the security of the prison and the safety of inmates. *See e.g.*, *Newby*, 11 F.3d at 1145.

■ Similarly, the above factors bring us to the inescapable conclusion that the prison disciplinary regulation applied in this instance does not offend the constitution's command against double jeopardy. The clear remedial purpose of maintaining good order and security is reflected in 5 V.I.C. § 4501 *et seq.*, which has as its stated purpose the "custody, care, discipline, training, treatment and study" of persons committed to the GGACF. *See* 5 V.I.C. § 4501 (statement of purpose). Section 4508(e) of

413

that statute further permits the GGACF to implement administrative rules and regulations for the primary purpose of maintaining "good order and discipline" in the prison. 5 V.I.C. § 4508(e). Moreover, discipline amounting to 55 days in segregation for stabbing another inmate is not so extreme or unrelated to the prison's remedial goals of maintaining good order and discipline, as to transform this remedy into a criminal penalty for the purposes of double jeopardy, as reflected in the well-settled law of this circuit. The appellant has cited to no authority that compels us to depart from the overwhelming agreement of the circuits that prison regulations do not present punishment within the meaning of the Fifth Amendment.

### III. CONCLUSION

In light of the foregoing, we hold that the prison disciplinary proceeding imposed in this instance did not amount to a criminal penalty and did not preclude Diaz' criminal prosecution. Accordingly, Diaz' conviction will be affirmed.