

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2005

# Govt of VI v. Diaz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4773

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Govt of VI v. Diaz" (2005). *2005 Decisions*. Paper 1140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4773
_____


GOVERNMENT OF THE VIRGIN ISLANDS


v.

WILFREDO DIAZ,

Appellant.

_____


On Appeal from the District Court of the Virgin Islands
(D.C. No. 03-cr-00007)
District Judge:  The Honorable Raymond L. Finch
District Judge: The Honorable Thomas K. Moore
Territorial Judge: Ive A. Swan

_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2005


Before: NYGAARD, RENDELL, and SMITH, Circuit Judges.


(Filed May 24, 2005)

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Wilfredo Diaz appeals from the denial of his motion to dismiss the criminal charges against him. We will affirm.

While Diaz was incarcerated at the Golden Grove Correctional Facility in St. Croix, Virgin Islands, prison officials charged him with violating prison regulations by repeatedly stabbing another inmate with a knife. The Bureau of Corrections Disciplinary Committee held a hearing after which it found Diaz guilty of violating prison regulations and placed him in administrative segregation for fifty-five days. For the stabbing, the Government then charged Diaz with assault in the third degree and with possession of a dangerous weapon. Diaz filed a motion to dismiss, which the Territorial Court denied. He went to trial and was found guilty on both counts.

Diaz argues that because he had already been tried and sanctioned by prison officials for the stabbing, the Government's attempt to prosecute him violated the Double Jeopardy Clause of the Fifth Amendment. His argument is foreclosed by our decision in *United States v. Newby*, 11 F.3d 1143 (3d Cir. 1993). In *Newby*, we held that "a prison disciplinary hearing is not a prosecution for Double Jeopardy Clause purposes. Disciplinary sanctions imposed by prison authorities for infractions of prison regulations do not bar a subsequent criminal prosecution." *Id*. at 1144 (citation omitted). Other Courts of Appeal to address the issue are in agreement. *See United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995); *United States v. Hernandez-Fundora*, 58 F.3d

802, 807 (2d Cir. 1995); *United States v. Rising*, 867 F.2d 1255, 1259 (10th Cir. 1989); *Kerns v. Paratt*, 672 F.2d 690 (8th Cir. 1982).  Thus, Diaz's argument fails as a matter of law.

Accordingly, we affirm the Territorial Court's order denying the motion to dismiss.