*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0393p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

Nos. 07-5193/5194

GEORGE HUBERT SIMPSON,

*Defendant-Appellant.*

Filed: November 4, 2008

Before: KENNEDY, SUTTON, and McKEAGUE, Circuit Judges.

_____

**ORDER**

_____

In this consolidated appeal, George Hubert Simpson, proceeding through counsel, appeals the district court's imposition of a 450-month term of imprisonment and the district court's denial of his motion to dismiss a charge of escape. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In Case No. 2:02-CR-71, a jury convicted Simpson of conspiracy to distribute methamphetamine, aiding and abetting kidnaping, brandishing a firearm in relation to a drug trafficking crime, and aiding and abetting possession of a firearm in relation to the kidnaping. He was sentenced to a 97-month term of imprisonment for the conspiracy and kidnaping convictions. The district court also imposed consecutive, mandatory minimum sentences of 84 months for brandishing a firearm and 300 months for aiding and abetting possession of a firearm. We affirmed on direct appeal. *United States v. Simpson*, 116 Fed. Appx. 736 (6th Cir. 2004). The Supreme Court remanded for consideration in light of *United States v. Booker*, 543 U.S. 220 (2005).

While Simpson's direct appeal was pending, he escaped from a Tennessee jail. As a result, the Bureau of Prisons administratively charged Simpson with escape in violation of 28 C.F.R. § 541.14. After a disciplinary hearing, he was given 60 days of disciplinary segregation, 40 days disallowance of credit for good behavior, and a six-month loss of visitation privileges.

In Case No. 2:03-CR-98, Simpson was indicted for escape in federal court. He filed a motion seeking to dismiss the indictment on the grounds that his federal prosecution was barred by the Double Jeopardy Clause due to the administrative sanctions already imposed. A magistrate judge recommended denying the motion. Over Simpson's objections, the district court adopted the magistrate judge's report and denied the motion to dismiss. Simpson agreed to plead guilty to the charge of escape.

The district court held a joint proceeding on January 22, 2007, for resentencing in Case No. 2:02-CR-71 and original sentencing in Case No. 2:03-CR-98. Simpson's advisory guideline range for the conspiracy and kidnaping offenses was calculated to be 97-121 months of imprisonment, and

1

the 84- and 300-month mandatory minimum consecutive sentences were determined to apply to the two firearm charges. The advisory guideline range for his escape conviction was calculated as 18 to 24 months. The district court resentenced Simpson to a below-guidelines sentence of 48 months of imprisonment on the conspiracy and kidnaping convictions, re-imposed the mandatory minimum consecutive sentences of 84 and 300 months for the firearm convictions, and imposed a consecutive 18-month sentence on the escape conviction, for a total term of 450 months. Simpson now appeals through counsel, asserting that his sentence is unreasonable and that the district court erred in denying his motion to dismiss the escape indictment for violating the Double Jeopardy Clause. Additionally, Simpson has filed a pro se supplemental brief, asserting error in his original indictment and the unconstitutional nature of a search of his person and his residence prior to his arrest.

In an appeal from a sentencing order, we must determine whether the district court's determination was both procedurally and substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Procedural reasonableness requires that the court "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guidelines range." *Id*. We review the substantive reasonableness of a criminal sentence under an abuse of discretion standard. *Id.* A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent 18 U.S.C. § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). Additionally, "when a district court considers the relevant 3553(a) factors in-depth and reaches a determination that the appropriate sentence varies outside the advisory guidelines range, we are very reluctant to find the sentence unreasonable." *United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006). Simpson has not alleged procedural error, so we will only consider the substantive reasonableness of his sentence.

Simpson argues that the sentence imposed by the district court was substantively unreasonable in light of his difficult childhood, his vocational and educational experiences, and the fact that he is not a violent person. Simpson asserts that, considering the 384-month statutory mandatory minimum consecutive sentences for the firearm convictions, reasonable sentences for the conspiracy and kidnaping convictions would be twelve months, and a consecutive term of one day for the escape conviction, resulting in an aggregate sentence of 396 months and one day of imprisonment.

At resentencing, the district court noted that the bulk of Simpson's sentence would come from the 384-month sentences imposed for the firearm conviction, but those sentences were not within the court's discretion. In determining the 48-month term of imprisonment for the conspiracy and kidnap convictions, the court found that Simpson had a "hard upbringing," but that it did not justify his behavior; the nature of his offense was "bothersome" in that a person was abducted for the purpose of collecting a drug debt; and the potential for violence existed. In determining Simpson's 18-month sentence for escape, the district court found that when Simpson escaped, he endangered the lives of other people who were involved in the pursuit. The court also noted that it was necessary for the sentence to be served consecutively to the other sentences imposed, as a concurrent sentence would not result in punishment.

We cannot conclude that the district court abused its discretion in imposing either the 48- or 18-month sentences. In the case of the conspiracy and kidnaping convictions, the district court imposed a sentence half the length of that advised by the sentencing guidelines; in the case of the escape conviction, the district court imposed the shortest sentence within the advisory guideline range. We do not find these sentences unreasonable even in light of the 384-month mandatory minimum sentence imposed for Simpson's firearm offenses, as we have held that a sentencing court must determine an appropriate sentence for the underlying crimes without consideration of the mandatory sentences for firearm offenses. *United States v. Franklin*, 499 F.3d 578, 586 (6th Cir.

2007). Because the district court did not select the sentence arbitrarily, base it on impermissible factors, fail to consider pertinent 18 U.S.C. § 3553(a) factors, or give an unreasonable amount of weight to any pertinent factor, Simpson's sentence was reasonable. *Webb*, 403 F.3d at 385.

Simpson next asserts that his federal prosecution for escape was barred by the Double Jeopardy Clause because the Bureau of Prisons had already imposed administrative penalties for the same conduct. But a person is only "twice put in jeopardy of life or limb," U.S. Const. Am. XIII, when he is placed at risk of "multiple *criminal* punishments for the same offense," *Hudson v. United States*, 522 U.S. 93, 99 (1997); *see Herbert v. Billy*, 160 F.3d 1131, 1136 (6th Cir. 1998). Ordinarily, therefore, only a prior criminal prosecution or a facially punitive statute will allow a defendant to invoke the double jeopardy protection. *Hudson*, 522 U.S. at 100–01.

In order to determine whether a statute providing for an administrative sanction is facially punitive, we first ask "whether the legislature . . . indicated . . . a preference for one label or the other"; if the legislature intended to impose a civil sanction, we then ask whether "the statutory scheme is so punitive . . . as to transfor[m] what was clearly intended as a civil remedy into a criminal penalty." *Herbert*, 160 F.3d at 1136–37 (internal quotation marks omitted) (alteration in original). As to the first inquiry, the regulations authorizing administrative prison sanctions contain "no express preference" regarding whether sanctions are criminal or civil in nature. *United States v. Mayes*, 158 F.3d 1215, 1222 (11th Cir. 1998); *see* 28 C.F.R. §§ 541.10–23. Furthermore, they "articulate only a nonpunitive, remedial purpose," *Mayes*, 158 F.3d at 1223, which is to ensure "that inmates may live in a safe and orderly environment," 28 C.F.R. § 541.10(a). And the fact that authority to enforce these rules "is conferred upon [an] administrative agenc[y]"—the Bureau of Prisons—is "prima facie evidence that Congress intended to provide for a civil sanction." *Hudson*, 522 U.S. at 103; *Mayes*, 158 F.3d at 1223. Congress, therefore, intended that administrative prison sanctions be civil in nature.

As to the second inquiry, there is no "clear[] proof" that the regulation, on its face, is punitive in effect. *Hudson*, 522 U.S. at 101. Every circuit court of appeals to consider this question has given the same answer: The Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct. *See Porter v. Coughlin*, 421 F.3d 141, 145, 148 (2d Cir. 2005); *Mayes*, 158 F.3d at 1224; *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996); *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994); *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994); *United States v. Newby*, 11 F.3d 1143, 1146 (3d Cir. 1993); *Kerns v. Parratt*, 672 F.2d 690, 691–92 (8th Cir. 1982).

Finally, we may not consider the issues raised in Simpson's supplemental brief relating to the sufficiency of his indictment on drug charges or the constitutionality of a Fourth Amendment search because he failed to raise them in his original appeal. *United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000). Even absent the procedural bar, we could not consider them because Simpson's case was remanded for the limited purpose of resentencing in light of *Booker*, and we lack authority to consider any issues on appeal that are beyond the scope of a limited remand. *United States v. Robinson*, 503 F.3d 522, 527 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1677 (2008).

Regarding Simpson's claim that his indictment for escape failed to allege that the custody from which he escaped was by virtue of an arrest or a conviction, we may hear a challenge to an indictment at any time a case is pending. Fed. R. Civ. P. 12(b)(3). Because Simpson did not raise the issue of the sufficiency of the indictment in the district court, however, our review is for plain error. *United States v. Cotton*, 535 U.S. 625, 631-32 (2002). After review, we find that no plain error exists because the record clearly indicates that Simpson was serving a 481-month federal sentence at the time he escaped from the state facility where he was awaiting trial on additional charges.

For the foregoing reasons, the judgment of the district court is affirmed.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk