NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 18, 2009[*]
Decided February 20, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3137

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No.  3:07-cr-00166-bbc-1 |
| MATEO MORALES, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

### O R D E R

Mateo Morales, a federal inmate, was found with a small amount of marijuana and disciplined by prison officials.  Soon thereafter he pleaded guilty to possessing the marijuana, *see* 18 U.S.C. § 1791(a)(2), and a district court sentenced him to six months' imprisonment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Morales now appeals, arguing that the prison disciplinary process should have barred the subsequent criminal proceeding.

   This claim is without merit. We, together with every other circuit, have held that prison disciplinary proceedings do not implicate double jeopardy concerns. *See, e.g.*, *United States v. Simpson*, 546 F.3d 394, 397-98 (6th Cir. 2008); *Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th Cir. 2006); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996); *Garrity v. Fiedler*, 41 F.3d 1150, 1152-53 (7th Cir. 1994). Thus, there is no reason why Morales could not be disciplined by the prison and prosecuted by the government for the very same conduct.

                                                                                                                   AFFIRMED.