**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4349**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN ANTONIO GARCIA,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:11-cr-00320-D-1)

Submitted: October 5, 2012      Decided: November 8, 2012

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Raymond C. Tarlton, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Garcia appeals the district court's order denying his motion to dismiss the indictment charging him with possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2) (2006).* He asserts that the Double Jeopardy Clause protects him from being indicted for the same misconduct that resulted in his placement in prison disciplinary segregation. We have previously rejected this argument. Patterson v. United States, 183 F.2d 327, 328 (4th Cir. 1950); see United States v. Simpson, 546 F.3d 394, 398 (6th Cir. 2008) (en banc) (collecting cases and holding that "[t]he Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct"); United States v. Brown, 59 F.3d 102, 103-04 (9th Cir. 1995) (same).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

* The denial of a motion to dismiss an indictment on double jeopardy grounds is a final, appealable order. Abney v. United States, 431 U.S. 651, 662 (1977).