**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4137**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FREDERICK GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (5:10-cr-00372-H-1)

Submitted: January 22, 2013          Decided: January 29, 2013

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Green pled guilty to one count of possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2) (2006). The district court sentenced Green to forty months in prison, to run consecutive to his current federal sentence. Green timely appeals. We affirm.

Green asserts that the Double Jeopardy Clause protects him from being indicted for the same misconduct that resulted in prison disciplinary sanctions. We have previously rejected this argument. Patterson v. United States, 183 F.2d 327, 328 (4th Cir. 1950); see also United States v. Simpson, 546 F.3d 394, 398 (6th Cir. 2008) (collecting cases and holding: "The Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct."); United States v. Brown, 59 F.3d 102, 103-04 (9th Cir. 1995) (same).

Green also argues that possession of a shank in prison should not be considered a crime of violence for career offender purposes. He urges this court to reconsider our holding to the contrary in United States v. Mobley, 687 F.3d 625 (4th Cir. 2012), cert. denied, No. 12-7239, 2013 WL 57456 (U.S. Jan. 7, 2013). In Mobley, we held that "we agree with the Fifth, Eighth, and Tenth Circuits that possession of a shank in prison,

2

in contravention of § 1791(a)(2), constitutes a crime of violence under § 4B1.2(a)(2) of the Guidelines." Mobley, 687 F.3d at 630-31. Green's argument that we should reconsider this decision must fail, as "[a] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Watkins v. SunTrust Mortg., Inc., 663 F.3d 232, 241 (4th Cir. 2011) (internal quotation marks omitted).

We accordingly affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED