NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0107n.06

No. 13-6338

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 04, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| ANDRONICO GERONIMO LOPEZ, | ) KENTUCKY |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: BOGGS, SILER, and CLAY, Circuit Judges.

PER CURIAM. Andronico Geronimo Lopez, a federal prisoner, appeals through counsel his conviction of five counts of distribution of cocaine within 1,000 feet of a truck stop, carrying a firearm in relation to a drug-trafficking crime, and possession of a firearm with an altered serial number.

Lopez entered a guilty plea to these charges, pursuant to a plea agreement, in 2013. His presentence report calculated a mandatory consecutive 60 months of imprisonment for carrying a firearm in relation to a drug-trafficking crime, plus a guidelines sentencing range of 27 to 33 months for the remaining offenses. Lopez argued for a sentence below the guidelines range on the drug offenses, noting that he brought guns to the last two transactions only because the confidential informant asked if Lopez could sell him guns in addition to cocaine, and that conducting the deals at a truck stop also increased his sentence even though that might have been at the confidential informant's suggestion. The district court rejected these arguments and

sentenced Lopez at the bottom of the guidelines range, for a total sentence of 87 months of imprisonment.

Lopez waived his right to appeal in the plea agreement, but he argues that the waiver was invalid because the district court did not inform him of the waiver as required by Fed. R. Crim. P. 11(b)(1)(N). He also argues that his sentence is procedurally and substantively unreasonable because the court failed to explain its decision, did not consider the sentencing factors, and gave unreasonable weight to the offense conduct. The government has filed a motion to dismiss the appeal based on the appeal waiver.

A defendant cannot waive his right to appeal the issue of whether the district court failed to comply with Rule 11 in accepting his guilty plea. *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012). Therefore, we deny the motion to dismiss the appeal. Whether a defendant validly waived his right to appeal is reviewed de novo and is reviewed for plain error when the defendant failed to object below. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). Here, we find no plain error that affected Lopez's substantial rights, because the prosecutor explained the appellate waiver in describing the plea agreement at the change-of-plea hearing, and Lopez assured the court that he understood the plea agreement and had discussed it with his attorney. *See United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006); *United States v. Sharp*, 442 F.3d 946, 951-52 (6th Cir. 2006). Accordingly, we find that Lopez validly waived his right to appeal.

Even if Lopez did not waive the right to appeal, he does not demonstrate an abuse of discretion in the imposition of the sentence. *See United States v. Elmore*, 743 F.3d 1068, 1072 (6th Cir. 2014). No plain procedural error is apparent, where Lopez did not object below that the court had not explained its choice of sentence, and no greatly detailed explanation was required

for a bottom-of-range sentence. *See United States v. Judge*, 649 F.3d 453, 458-59 (6th Cir. 2011). Lopez's argument for a shorter sentence because he carried a firearm only to sell it to the informant fails because the sentencing court must determine the appropriate sentence for the underlying crime without considering the mandatory sentence for a firearm offense. *See United States v. Simpson*, 546 F.3d 394, 397 (6th Cir. 2008). He also presents no evidence that the choice of the truck stop for the drug deals was made by the informant. Finally, he has not rebutted the presumption that his bottom-of-range sentence was substantively reasonable. *United States v. Abdulmutallab*, 739 F.3d 891, 908 (6th Cir.), *cert. denied*, 135 S. Ct. 89 (2014).

For all of the above reasons, we affirm the district court's judgment.